IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE COTE**

| | | |
|---|---|---|
| ABELARDO MORA | ) | |
| | ) | PLAINTIFF DEMANDS TRIAL BY |
| Plaintiff, | ) | JURY |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| UNITED COLLECTION BUREAU, INC. | ) | No. **07 CIV 8168** |
| | ) | |
| Defendant. | ) | |

Plaintiff Abelardo Mora ("Mora"), by his attorneys, Manhattan Legal Services and LeBoeuf Lamb Greene & MacRae LLP, for his complaint against defendant United Collection Bureau, Inc. ("United Collection"), states as follows:

**RECEIVED SEP 1 8 2007 U.S.D.C. S.D.N.Y. CASHIERS**

### Preliminary Statement

1. This is an action to recover damages for United Collection's fraudulent and abusive debt collection practices. Based on independent investigation, United Collection knew that Abelardo Mora had a clean credit history. Nevertheless, for the sole purpose of enriching itself, United Collection attempted to collect a fictitious debt from Mora that it claimed was more than seven (7) years old. When Mora resisted paying the non-existent debt, United Collection made coercive threats, including a baseless assertion that he could be deported from the United States. For these misrepresentations and illegal threats, Mora is entitled to compensatory and punitive damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the New York Consumer Protection Act ("NYCPA"), N.Y. General Business Law § 349, *et seq.*, and for intentional misrepresentation.

1

## PARTIES

2. Mora resides at 571 West 139th Street, New York, New York.

3. On information and belief, United Collection is incorporated under the laws of Ohio, and has a principal place of business at 5620 Southwyck Boulevard, Suite 206, Toledo, Ohio 43614.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the intentional misrepresentation claim and NYCPA pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Court under 28 U.S.C. § 1391(b).

## FACTS

7. Mora is eighty-two (82) years old. He was born in Medellin, Colombia, where he attended elementary school. When Mora was forty (40) years old, he immigrated to the United States with his wife and four (4) children. Since that time, he has worked a variety of jobs, including serving as a doorman, washing dishes, and construction work. Mora has resided at 571 West 139th Street for the last twenty-four (24) years, and he has been a United States citizen for over ten (10) years.

8. Mora is a Spanish speaker with a limited ability to speak and understand English.

9. Mora lacks substantive knowledge about the operations of the U.S. legal system or permissible debt collection practices.

10. United Collection is a debt collector pursuant to 15 U.S.C. § 1692a (6).

11. On or about April 18, 2007, United Collection ordered and received an Experian credit report on Mora. The credit report did not identify any outstanding debts owed by Mora.

12. On or about May 22, 2007, with full knowledge that Mora did not have outstanding debt, United Collection sent a letter to Mora demanding that he pay a debt of $3,387.13. According to United Collection, the supposed debt dated from more than seven years earlier.

13. Mora lacked any knowledge about the debt claimed by United Collection. Soon after receiving this letter in the mail, Mora telephoned United Collection to try to resolve the situation. His call was transferred to a Spanish-speaking representative at United Collection, Melanie Rivera ("Rivera"). Rivera told Mora that the alleged debt had originated with Citibank.

14. Mora had no knowledge of a debt to Citibank. Nevertheless, in an effort to avoid legal problems, Mora tried to reach an agreement with United Collection. He offered to pay $10 per month to pay off the debt. Rivera rejected his proposal. When Mora expressed concerns about bring brought into court, Rivera told him that he would be deported if he did not pay the debt.

15. Mora explained to Rivera that his only income was from social security and other governmental programs. Rivera urged him to find a way to pay off the supposed debt.

16. After speaking with Rivera, Mora went to a Citibank branch office and inquired about the alleged debt claimed by United Collection. Citibank informed him

that they had no record of any such debt. Citibank's policy is to report all outstanding debts to credit bureaus, including Experian, on the first day of every month.

17. After his trip to Citibank, Mora again telephoned United Collection. United Collection informed him that Rivera was no longer handling the matter, and told Mora to call a different number. Mora attempted to reach a United Collection representative at this number without success.

18. United Collection provided Mora with various other telephone numbers. He continued his efforts to reach a representative who spoke Spanish. During this time, Mora was concerned that he could be thrown in jail for not paying the debt claimed by United Collection. He suffered from nervousness, anxiousness, loss of appetite, and loss of sleep. Ultimately, United Collection informed Mora that it was no longer handling this matter.

## FIRST CAUSE OF ACTION –

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Mora restates and incorporates the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. The FDCPA prohibits a debt collector from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and also from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, but not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C § 1692d, 1692e.

21.     United Collection's conduct violates 15 U.S.C. § 1692, *et seq.*, including, but not limited to, subsections (d) and (e), in that communications from United Collection to Mora were false, deceptive, unfair, threatening, and suggestive of improper conduct and done in furtherance of abusing Mora to coerce payment of a fictitious debt, under duress and harassment.

22.     Pursuant to 15 U.S.C. § 1692, *et seq.*, and as a result of the above violation, United Collection is liable to Mora for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus actual damages, costs, and attorney's fees.

## SECOND CAUSE OF ACTION –

## INTENTIONAL MISREPRESENTATION

23.     Mora restates and incorporates the allegations of paragraphs 1 through 22 as is fully set forth herein.

24.     By April 18, 2007, United Collection had reviewed the Experian credit report and knew that Mora did not owe any outstanding debts.

25.     Despite this knowledge, United Collection falsely represented to Mora that he owed a debt of $3,387.13. United Collection first made these false representations through a letter dated May 22, 2007, and then repeated them in a subsequent telephone conversation.

26.     United Collection knew this alleged debt was not actually owed by Mora, but made its intentional misrepresentations to enrich itself through collection fees.

27.     As a result of United Collection's fraudulent misrepresentations, upon which Mora reasonably relied, Mora suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION –

## VIOLATION OF THE NEW YORK CONSUMER PROTECTION ACT

28.     Mora restates and incorporates the allegations of paragraphs 1 through 27 as is fully set forth herein.

29.     United Collection has engaged in deceptive consumer-oriented acts and practices by seeking payment of a non-existent debt and threatening to deport a U.S. citizen.

30.     United Collection's deceptive consumer-oriented acts and practices are misleading to a reasonable consumer in a material way.

31.     United Collection's deceptive consumer-oriented acts and practices have a broad impact on consumers at large and cause injury and harm to the public interest.

32.     United Collection's acts and practices violate the New York Consumer Protection Act, N.Y. General Business Law § 349, because they constitute deceptive acts and practices in the conduct of business.


**WHEREFORE**, Mora respectfully prays that judgment be entered against United Collection in the amount of:

(a)     Compensatory and statutory damages pursuant to 15 U.S.C. § 1692k(a) and N.Y. General Business Law § 349(h);

(b)     Compensatory and punitive damages in an amount to be determined at trial for intentional misrepresentation;

(c) Plaintiff's attorney LeBoeuf, Lamb, Greene & MacRae requests costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a) and N.Y. General Business Law § 349(h); and

(d) For such other and further relief as may be just and proper.

Dated: 7-18-07          Respectfully submitted,


BY: _____

Chaumtoli Huq
Manhattan Legal Services
90 John Street, Suite 301
New York, NY 10038-3243
(646) 442-3100

John M. Nonna
Brian A. Burns
Autumn C. Katz
LeBoeuf, Lamb, Greene & MacRae LLP
125 West 55th Street
New York, NY 10019
(212) 424-8000

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK  )

*Abelardo Mora*, being duly sworn, deposes and says:

1. I am the Petitioner in the within proceeding.

2. I am a monolingual Spanish language speaker.

3. The contents of the foregoing petition have been orally translated to me from English to Spanish.

4. The information stated therein is true based on my own knowledge except as to those matters stated to be alleged upon information and belief, and as to those matters I believe the information to be true.

_____
ABELARDO MORA

Sworn to before me this
18th day of September, 2007

_____
NOTARY PUBLIC

MARIA HAVELKA
Notary Public, State of New York
No. 01HA4637978
Qualified in New York County
Commission Expires Aug. 31, 2010